ing the receipt of a communication from them inquiring whether they should vote by secret ballot or orally.

The court's reply was made in open court in the presence of appellant and his counsel.

Appellant complains that the trial court not only instructed the jury that they might vote by secret ballot or by oral ballot, but further told the jury "that any verdict rendered by them should be by unanimous consent of all the members of the jury."

The qualification to the bill shows that no objection was made at the time.

The instruction was a correct one, admonitory in nature, and was closely connected with the question propounded by the jury.

Under the facts we see no injury to appellant, if in fact there was error.

The judgment is affirmed.

No attorney for appellant of record on appeal.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

Drunken driving is the offense, with punishment assessed at three days in jail and a fine of $125.

The record is before us with no statement of facts or bills of exception. Nothing is presented for review.

The judgment is affirmed.

Otto MEYER, Appellant,

v.

The STATE of Texas, Appellee.

No. 28782.

Court of Criminal Appeals of Texas.

Jan. 30, 1957.

Arveletta JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 28802.

Court of Criminal Appeals of Texas.

Feb. 6, 1957.

